**STATE of Minnesota, Respondent,**

v.

**Danny A. SKINNER, Appellant.**

**No. Cl–86–1283.**

Court of Appeals of Minnesota.

April 14, 1987.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Thomas L. Johnson, Hennepin Co. Atty., Vernon E. Bergstrom, Chief, Appellate Section, Paul R. Jennings, Asst. Hennepin Co. Atty., Minneapolis, for respondent.

C. Paul Jones, Public Defender, Ann Remington, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by FORSBERG, P.J., and RANDALL and STONE, JJ.,* with oral argument waived.

_____

* Acting as judge of the Court of Appeals by ap-    pointment pursuant to Minn. Const. art. 6, § 2.

## OPINION

BRUCE CHARLES STONE, Acting Judge.

Despite his plea to the contrary, appellant was convicted by a jury of possession of shoplifting gear in violation of Minn. Stat. § 609.521 (1984). On appeal, he claims that Minn.Stat. § 609.521 is unconstitutionally vague and overbroad and that the evidence does not warrant a conviction. We affirm.

## FACTS

At 7:15 p.m. on November 20, 1985, appellant Danny Skinner was at the Target store on West Broadway in Minneapolis. He was wearing a long blue trench coat. Isaac Ponder, a Target security officer, observed appellant enter the electronics department. Ponder went into an observation booth in a corner of the department. Once in the observation booth, Ponder was about 4½ feet from appellant.

From the booth, Ponder watched appellant take a Sony car stereo off the shelf, open his trench coat, and lift up the fur lining. At this point, two women entered the department, whereupon appellant turned and faced Ponder directly. Ponder watched appellant attempt to put the car stereo in a pocket under the lining of his trench coat. The stereo did not fit.

Appellant put the stereo back on the shelf, reopened his coat, and ripped the inside pocket a few more inches. He again took the stereo off the shelf, put it into the hidden pocket of his coat, and left the store. Outside the store, Ponder and another security officer stopped appellant and brought him back into the store. Ponder noticed that appellant smelled of alcohol. When the three returned to the security office, Ponder questioned appellant, retrieved the car stereo, and impounded appellant's trench coat.

The next day appellant was questioned by Officer John Locke. Appellant admitted taking the car stereo and told Locke he intended to sell it on the street. Appellant was charged with theft under $250 in violation of Minn.Stat. § 609.52 (1984) and with possession of shoplifting gear in violation of Minn.Stat. § 609.521 (1984). He initially pleaded not guilty to both charges.

Prior to trial, appellant changed his plea to the theft charge to that of guilty. He moved to dismiss the possession of shoplifting gear charge, claiming that Minn. Stat. § 609.521 is unconstitutionally vague and overbroad. The court denied his motion.

The court allowed appellant's counsel to argue an intoxication defense to the jury. The trench coat was admitted into evidence. The special pocket, into which appellant had slipped the car stereo, had been sewn into the coat beneath the winter lining on the left side. The lining of appellant's coat was ripped horizontally and the pocket sewn in and supported by safety pins. The pocket material resembled that of a hospital gown. This appeal followed appellant's conviction.

## ISSUES

1. Is Minn.Stat. § 609.521 (1984) unconstitutionally vague and overbroad?

2. Was the evidence sufficient to support the jury's conviction of appellant for possession of shoplifting gear?

## ANALYSIS

### I.

Appellant was charged with possession of shoplifting gear under Minn.Stat. § 609.521 (1984) which states:

> Whoever has in his possession any device, gear, or instrument specially designed to assist in shoplifting with intent to use the same to shoplift and thereby commit theft may be sentenced to imprisonment for not more than three years and to payment of a fine of not more than $5,000, or both.

*Id.*

Appellant argues that the statute is void for vagueness because it does not specify: (1) what items qualify as "specially designed" shoplifting gear; (2) by whom the device must be specifically designed; (3) whether the item must be purchased directly from a manufacturer or can be altered after purchase; and (4) whether common

items of everyday usage can qualify as shoplifting gear.

Appellant argues that the statute is overbroad because the words "specially designed to assist in shoplifting" do not give sufficient notice of prohibited acts, and that possession of ordinary articles of clothing, for example, sweat pants, which are commonly used by shoplifters, can be a crime. He claims this overbreadth allows arbitrary and discriminatory enforcement.

■ A statute will not be found void for vagueness unless it fails to

define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement.

*Kolender v. Lawson,* 461 U.S. 352, 357, 103 S.Ct. 1855, 1858, 75 L.Ed.2d 903 (1983). The "more important aspect of the vagueness doctrine is not actual notice, but the other principal element of the doctrine—the requirement that a legislature establish minimal guidelines to govern law enforcement." *Id.* at 358, 103 S.Ct. at 1858 (quoting *Smith v. Goguen,* 415 U.S. 566, 574, 94 S.Ct. 1242, 1247, 39 L.Ed.2d 605 (1974)).

No one may be required at peril of life, liberty or property to speculate as to the meaning of penal statutes. All are entitled to be informed as to what the State commands or forbids.

*Lanzetta v. State of New Jersey,* 306 U.S. 451, 453, 59 S.Ct. 618, 619, 83 L.Ed. 888 (1939) (footnote omitted). To meet the due process standard, a statute must be definite as to the persons within its scope and the acts to be penalized. *State v. Moseng,* 254 Minn. 263, 268, 95 N.W.2d 6, 11 (1959). Persons of common intelligence must not be left to guess at the meaning of a statute or its application and a higher standard of certainty of meaning is required where a statute imposes criminal penalties. *State v. Newstrom,* 371 N.W.2d 525, 528 (Minn. 1985) (citations omitted).

Statutes are to be construed so as to uphold their validity. An act of the legislature is

presumed to be constitutional [and] it will not be declared unconstitutional, unless its invalidity appears clearly or unless it is shown beyond a reasonable doubt that it violates some constitutional provision. The power of the court to declare a law unconstitutional is to be exercised only when absolutely necessary in the particular case and then with great caution.

*Housing and Redevelopment Authority v. Greenman,* 255 Minn. 396, 403, 96 N.W.2d 673, 679 (1959) (quoting *Minneapolis Gas Co. v. Zimmerman,* 253 Minn. 164, 173, 91 N.W.2d 642, 650 (1958)).

■ Upon reviewing the language of Minn.Stat. § 609.521, we hold that it is not unconstitutionally vague. The statute puts individuals on notice of the prohibited conduct, possession of gear "specially designed to assist in shoplifting." *Id.* The language is clear and can be understood by an ordinary person. *See* Minn.Stat. § 645.-08 (1984).

To prosecute any person possessing an item used as shoplifting gear, the State must also prove the suspect has "intent to use the same to shoplift and thereby commit theft." Minn.Stat. § 609.521. This limiting language is sufficient to overcome appellant's overbreadth objection. The double requirement of "specially designed" and "intent * * * to shoplift" takes ordinary clothing out of the suspect category. *Id.*

## II.

Our review of sufficiency of the evidence is limited to ascertaining whether the trier of fact gave "due regard to the presumption of innocence and to the State's burden of proving the defendant's guilt beyond a reasonable doubt * * *." *State v. Ibarra,* 355 N.W.2d 125, 129 (Minn.1984) (quoting *State v. Turnipseed,* 297 N.W.2d 308, 313 (Minn.1980) and *State v. Merrill,* 274 N.W.2d 99, 111 (Minn.1978)).

■ To convict a defendant under Minn. Stat. § 609.521, the State must prove (1) possession of gear; (2) that is specially designed to assist in shoplifting; and (3) with intent to use the gear to shoplift.

Appellant argues the evidence is insufficient to prove his coat was "specially designed" to shoplift or that he possessed the coat with intent to use it to shoplift.

 We hold the evidence is sufficient to support the conviction. Ponder witnessed appellant's attempt to slip the car stereo into the special pocket of the coat. When the car stereo did not fit, Ponder watched appellant rip the pocket opening to accommodate the stereo. Appellant claims that if the pocket had been specially designed to shoplift, the stereo would have fit into it and he would not have had to rip the pocket to get it to hold the car stereo. This is an unduly restrictive interpretation of the words, "specially designed." It is sufficient that the coat was such that the jury could find it to be "specially designed" to shoplift some items, not necessarily a stereo.

Appellant next argues the State did not prove his coat was shoplifting gear because it presented no evidence that appellant had used the coat in the past to shoplift, or that appellant himself sewed the special pocket into the coat. Appellant suggests other possible inferences that the jury could have drawn from the presence of the special pocket in the coat. However, appellant's counsel argued the facts and the jury drew other inferences. On appeal, our standard of review requires that we assume the jury believed the evidence supporting the verdict and disbelieved all contrary evidence. *State v. Parker*, 353 N.W.2d 122, 127 (Minn.1984).

Appellant further argues that he did not possess the capacity to form intent because he stole the item on an impulse, when he was intoxicated. He argues that a plausible explanation for wearing the trench coat was that he needed a warm coat because it was cold outside. We defer to the jury's verdict, and hold the evidence sufficient to support appellant's conviction.

In this case the "special design" was accomplished by a rather crude alteration, but it was nonetheless "specially designed" to assist in shoplifting just as much as had the coat been the production of a chic boutique with the same purpose in mind.

### DECISION

Minn.Stat. § 609.521 is not unconstitutionally vague and overbroad. The evidence was sufficient to convict appellant of possession of shoplifting gear.

Affirmed.